**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUL 10 2020

FOR THE NINTH CIRCUIT

DENGLIN WANG,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 14-74035

Agency No. A201-192-231

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2020[**]

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Denglin Wang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum and

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on significant omissions from Wang's written statement, in particular his claims that his wife underwent three forced abortions and forced sterilization and he had an altercation with family planning officials resulting in a lengthy hospital stay. *Id.* at 1044 (adverse credibility finding must be based on the totality of the circumstances); *Zamanov v. Holder*, 649 F.3d 969, 972-74 (9th Cir. 2011) (omissions from asylum application supported adverse credibility determination). Wang's explanations do not compel a contrary conclusion. *Zamanov*, 649 F.3d at 974 (agency not required to accept explanations for inconsistencies). In the absence of credible testimony, Wang's asylum and withholding of removal claims fail.[1] *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

---

[1] Because we uphold the BIA's adverse credibility determination, we do not address Wang's argument that his asylum application was timely.